**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

IN THE MATTER OF: Chapter 13

Linda Faye Bennett, Case No. 15-41488-pwb

Debtor.

---

Linda Faye Bennett,

Plaintiff, Adv. Proc. No. ________

vs.

Resurgent Capital Services, L.P.

Defendant.

---

**COMPLAINT SEEKING DAMAGES IN ADVERSARY PROCEEDING**

---

**INTRODUCTION**

This is an action for damages and equitable relief based upon the Defendant's overt and intentional unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-399, *et seq*. These claims arise as a result of Defendant's overt and intentional conduct.

## JURISDICTION AND VENUE

1. This is a core proceeding as defined by 28 U.S.C. § 157, and this is a matter arising in a case under Title 11.

2. This Court has proper matter jurisdiction pursuant to 28 U.S.C. § 157(b) and § 1334.

3. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337. Supplemental jurisdiction of the state law claims is conferred by 28 U.S.C. § 1367. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. The Plaintiff is a debtor in the underlying Chapter 13 pending in this Court, case number 15-41488-pwb.

5. The Defendant Resurgent Capital Services is a limited partnership organized under the laws of the State of Delaware and headquartered in South Carolina.

6. Susan Gaines is, upon information and belief, an individual employed by Defendant Resurgent and has specialized training in the review of delinquent accounts and preparation of Proofs of Claim to be filed in bankruptcy cases.

7. Resurgent has entered the Plaintiff's Chapter 13 alleging that it is the agent of LVNV Funding, LLC (LVNV) and that LVNV is the assignee and rightful holder of a debt originated by a third-party, Cash Call, Inc.

8. Susan Gaines personally completed the Proof of Claim that gives rise to this action, presumably after having reviewed the relevant account information.

## FACTUAL ALLEGATIONS

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Resurgent markets itself as a " a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers." See, http://www.resurgent.com/ last visited October 27, 2016.

11. LVNV is a purchaser of "portfolios of both domestic and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers." See, http://www.lvnvfunding.com. Last visited October 25, 2016.

12. Resurgent is a "debt collector" as defined by 15 U.S.C. §§ 1692a(5) and (6).

13. On June 29, 2015, Plaintiff's Chapter 13 proceeding was commenced by the filing of a voluntary petition with the Clerk of this Court.

14. The Plaintiff scheduled, as a "Notice Only" creditor Cash Call, Inc. (Doc. 1, pg 16).

15. The scheduled debt referenced in enumeration 13 is a "consumer debt" as defined by 15 U.S.C. §§ 1692a (3) and (5).

16. On October 28, 2015, Defendants filed Proof of Claim (Number 7) in the amount of $233.71 and stating that the basis of the debt was "credit card".

17. Upon information and belief, Cash Call refers to CashCall, Inc., a notorious "payday" lender specializing in high-interest loans issued through firms based on tribal lands to avoid state lending laws. See, *Consumer Financial Protection Bureau v. CashCall, Inc., et al, USDC, Central District of California*, CV 15-7522-JFW (RAOx), Order Granting Partial Summary Judgment entered June 30, 2016; https://www.mayerbrown.com/files/uploads/Documents/PDFs/2016/August/CFPB-v-CashCall-LRes.pdf;

http://www.consumerfinance.gov/policy-compliance/enforcement/actions/cashcall-inc-ws-funding-and-delbert-services/

18. Cashcall is currently the defendant in an action pending in Fulton County Superior Court brought by the Georgia State Attorney General seeking damages and injunctive relief for violations of the Georgia PayDay Lending Act, O.C.G.A. 16-17-2; Ga. ex rel. Olens, 2015 Ga. Super. LEXIS 11 (Ga. Super. Ct. Mar. 16, 2015).

19. Upon information and belief, the loan referenced in Defendant's Claim was a "payday" loan, as defined by O.C.G.A. § 16-17-1 and no exception as contained in § 16-17-2(a) applies to this loan.

20. The loan collected by Defendant was illegal as of inception, and the alleged debt is unenforceable under Georgia law. See, O.C.G.A. § 16-17-2.

21. At the time it filed its Claim, Defendants knew or should have known it was

attempting to collect an unlawful and unenforceable debt.

**DAMAGES**

22. As a result of Defendant's actions, Plaintiff has suffered actual damages, including out-of-pocket expense to travel to meet with counsel; consumption of resources in the form of her attorney time and resources in challenging an unlawful claim; potential harm through possible payment of an unenforceable clam; and worry over the repercussions of Defendant's unlawful conduct.

**FIRST CLAIM FOR RELIEF -- OBJECTION TO CLAIM**

23. Plaintiff repeats and realleges paragraphs 1-21 as though more fully set forth herein.

24. The Debtor objects to Defendant's proof of claim on the grounds that it is unenforceable as a matter of law per the supporting documentation filed by the Defendant and is therefore objectionable under 11 U.S.C. § 502(b)(1) and should be disallowed.

**COUNT I**

**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**
**("FDCPA")**
**15 U.S.C. § 1692, *et seq*.**

25. Plaintiff repeats and realleges the preceding paragraphs 1-23as though more fully set forth herein.

26. Defendant's filing of its POC was an attempt to collect a consumer debt.

27. The Defendant has made numerous false, deceptive and misleading statements in its attempt to collect a consumer debt in violation of 15 U.S.C. §§ 1692e and 1692f.

28. The acts and omissions by Defendant constitute violations of the FDCPA including, but not limited to, collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and deceptive methods in direction violation of 15 U.S.C. 1692f(1).

29. The Plaintiff has suffered actual damages as a result of Defendant's conduct as described herein.

30. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICE ACT O.C.G.A. § 10-1-399, *et seq.*

31. Plaintiff incorporates by reference paragraphs 1-23 and 26-30 as though fully stated herein.

32. The GFPBA directs liberal interpretation and application, as well as harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) which implements the FDCPA.

33. Defendant willfully engaged in unfair and deceptive practices to collect a consumer debt.

34. O.G.C.A. § 10-1-393(a) broadly prohibits unfair business practices, not limited to the exemplar list in the preceding subsection.

35. Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving the Plaintiff of the Notice and Demand requirement of O.G.C.A. § 10-1-399 (b).

36. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages as described herein pursuant to O.G.C.A. § 10-1-399(a).

37. Defendant's actions were intentional and/or knowing, rendering it liable for exemplary damages pursuant to O.G.C.A. §§ 10-1-399(a) and (c).

38. Plaintiff is entitled to recover reasonable attorney's fees and expenses pursuant to O.G.C.A. § 10-1-399(d).

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendant respectfully prays of the Court as follows:

A. That Proof of Claim Number 7 be disallowed;

B. That the Court award actual damages in an amount to be shown at trial, statutory damages in the amount of $1,000.00, costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. § 1692k; and

C. That the Court award actual and exemplary damages pursuant to O.G.C.A. §§ 10-1-399(a) and (c);

D. That the Court award reasonable attorney's fees and expenses pursuant to 15 U.S.C. § 1692k and O.G.C.A. § 10-1-399(d); and

That the Plaintiff have such other and further relief as the Court may deem just and proper.

This the 27th day of October, 2016.

Respectfully submitted,

*/s/ Matthew T. Berry*_________
Matthew T. Berry, GA Bar No.: 055663
Attorney for Plaintiff/Debtor
2751 Buford Highway, NE
Suite 600
Atlanta, GA 30324
Tel. (404) 235-3334
Fax (404) 235-3333
Email: matt@mattberry.com

**Matrix Address**

LVNV Funding, LLC
c/o CSC Services of Nevada, Inc.
2215-B Renaissance Drive
Las Vegas, Nevada 89119

Mary Ida Townson
United States Trustee
191 Peachtree Street NE, Suite 2200
Atlanta, Georgia 30303